Suzanne ANDERSON, Appellant,

v.

Joseph JOHNSON, Appellee.

No. 2010–SC–000646–DGE.

Supreme Court of Kentucky.

Sept. 22, 2011.

9. A voluntary program would be another matter entirely.

William David Tingley, Fore, Miller & Schwartz, Louisville, KY, Counsel for appellant.

Max Harding Comley, Bullock & Coffman LLP, Frankfort, KY, Counsel for appellee.

Opinion of the Court by Justice NOBLE.

Appellant, Suzanne Anderson, has asked this Court to reverse the Court of Appeals' opinion affirming the Franklin Circuit Family Court's order denying her motion for a change in timesharing of the parties' minor child to allow her to relocate with the child. As grounds, Appellant has argued that the family court's order cannot stand because no findings of fact were made. In response, Appellee, Joseph Johnson, asserts that no findings of fact are required on a motion pursuant to CR 52.01 because he only filed a motion versus an action, and that Appellant has failed to preserve any issues for appeal. This Court holds that in domestic relations cases, post-decree motions concerning visitation and timesharing modifications are "actions tried upon the facts without a jury," CR 52.01, which require specific findings of fact and separate conclusions of law, followed by an appropriate judgment. Further, due to the intent of CR 52 and its language, Appellant is properly before the Court.

## I. Background

The parties were divorced in 2002, having one child born during the marriage. The record is not clear how they specifically conducted timesharing until 2007, when they filed a joint motion asking the family court to enter an order awarding joint custody of their daughter. The order entered by the court granting joint custody further stated that "[t]imesharing with the child will be on an equal time basis as agreed by the parties." Presumably, this occurred until April 6, 2009, when Appellant filed a motion to modify the timesharing schedule to allow her to move with the child to Paducah, Kentucky, where she would reside with her fiancé. The schedule she proposed necessarily reduced Appellee's time spent with his child due to the relocation.

Appellee did not agree, and an extensive hearing was conducted with both parties having several witnesses on May 4, 2009. The family court did not make specific findings of fact with separate conclusions of law, but only found "that it is not in the best interest of [the child] to relocate to Paducah, Kentucky." The court then denied the motion to modify timesharing.

Appellant appealed, asking only that the case be remanded for specific findings of fact. The Court of Appeals affirmed the family court (with a thoughtful dissent by Chief Judge Taylor), holding that findings of fact were not necessary when the court denied a motion, and relying on *Burnett v. Burnett*, 516 S.W.2d 330 (Ky.1974). This Court accepted review to examine how these procedural aspects affect difficult post-divorce decree issues such as relocation timesharing.

## II. Analysis

First, for clarity's sake, this Court must establish the narrow scope of what is actually on review in this case. This case is about a request for *modification*, which necessarily requires that there be a pre-existing order. Also, this case concerns only "actions tried upon the facts without a jury," meaning actions in which any factual findings must be made by the *court*, unlike trials where the jury is the finder of fact.

In determining the meanings of the terms "action" and "motion" in CR 52, the first thought that comes to mind is the familiar saying "A rose by any other name smells just as sweet." This chestnut aptly illustrates the circumstances when a hearing involving proof, witnesses, and argument is held by a court on a *motion* for modification of timesharing.[1] All family court cases are heard by a judge only, similarly to what occurs in other non-jury civil trials. The judge is the finder of fact, the concluder on what law applies, and the giver of an order. In contrast, in jury trials, the jury determines the facts, applies the law given by the judge, and reaches a verdict.

On motions to modify timesharing, the judge has several factors to consider in making the determination of what the best interests of a child are, which are partially listed in KRS 403.270, but include all relevant *facts*. The basis for a modification decision is thus fact-driven rather than law-driven, because the legal standard is whether the relocation is in the best interests of the child, which is stated plainly in the statute. To review the judge's decision on appeal, it is important to know what facts the judge relied on in order to determine whether he has made a mistake of fact, or to even determine if he is right at law, but for the wrong facts. If a judge must choose between facts, it is clearly relevant which facts supported his opinion.

Additionally, in *Pennington v. Marcum*, 266 S.W.3d 759 (Ky.2008), this Court noted that whether an order of the court is final and appealable is important in determining which standard to apply on modification of custody because of the limitations placed on modification in KRS 403.340. Finality is also important when looking at a post-decree modification of timesharing because KRS 403.320 only allows for modification of a final order. Timesharing that has been set by the court in an order on post-decree modification is final and appealable, partly because it is a modification of an already entered final order, and also because KRS 403.320(3) specifically allows a court to modify a final order "*whenever* modification would serve the best interests

---

1. We refer to "timesharing" throughout most of this opinion, because that is the type of arrangement at issue. But this discussion applies equally to visitation, which is functionally the same thing, though it applies to sole-custody situations and timesharing applies to joint-custody situations. *See Pennington v. Marcum*, 266 S.W.3d 759, 765 (Ky. 2008) ("The weekend parent does not have 'visitation,' a sole-custody term which is frequently misused in this context, but rather has timesharing,' as he or she is also a legal custodian. However, in practice, the terms visitation and timesharing are used interchangeably.").

of the child." (Emphasis added.)[2] Thus a visitation order modifying a final order becomes the new final order and is subject to appeal.

Further, by saying that a timesharing modification[3] can be done "whenever" it is in the best interests of the *child* to do so, the legislature effectively gave the family court continuing jurisdiction to hear such motions until the child reaches the age of majority or is emancipated. Motions to modify timesharing are motions to reopen the final divorce decree to the extent stated in the motion and require payment of the reopening fee. See FCRPP 3(6). The Court is clearly obligated to determine questions of law and fact in the original custody proceeding. *See* KRS 403.310. Part of that proceeding is granting visitation or time sharing. Thus motions for modification are not new actions and the case number remains the same. And by virtue of being brought post-decree, they are not motions being made in a pending action.

These "motions" differ dramatically from the motions that are related to discovery, or any motion that requires only a conclusion of law, which are the kinds of motions being referenced in the last sentence of CR 52.01.[4] Even though that part of the rule does include the language "or any other motion," the final language "except as provided in CR 41.02" further illustrates that the intent of CR 52.01 is to direct judges in cases tried by the court without a jury to make separate findings of fact and conclusions of law whenever they render a judgment on the merits. *See* CR 41.02(2).[5] And certainly, a determination regarding modification of custody is a judgment on the merits.

Consequently, though named a "motion," a motion for modification is actually a vehicle for the reopening and rehearing on some part of a final order, which asks for

2. That this statute refers to modification of final orders is supported by the existence of a separate, specific statute, KRS 403.280, which allows for temporary custody orders, and the fact that KRS 403.320 begins, "A parent not granted custody...." (Emphasis added.)

3. *Pennington* provides that KRS 403.320 applies to timesharing in joint custody arrangements. 266 S.W.3d at 769–70.

4. CR 52.01 states:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review except as provided in Rule 52.04. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The findings of a commissioner, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41.02.

5. CR 41.02(2) states:

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52.01.

adjudication on the merits presented at a required hearing. As such, family courts must make findings of fact and conclusions of law, and must enter the appropriate order of judgment when hearing modification motions.

Here, the family court judge conducted a lengthy hearing and concluded that moving to Paducah was not in the best interest of the child. No doubt he could have stated several factual reasons to support his conclusion that the move was not in the child's best interest. But he did not, in clear violation of the command in CR 52.01. This, however, brings up Appellee's argument that Appellant failed to properly preserve the failure to make findings as required by CR 52.04.

CR 52.04 states that a final judgment "shall not be reversed or remanded" because the trial court did not make "a finding of fact on an issue essential to the judgment" unless that omission has been brought to the judge's attention by a written request for that finding or by a motion filed within ten days after entry of the judgment.[6] However, this Court has previously addressed a similar situation to this case in *Hollon v. Hollon*, 623 S.W.2d 898 (Ky.1981). There, the trial court merely stated that there was marital property, proceeded to state how he was dividing it, and awarded maintenance. *Id.* at 899. The Court found that KRS 403.190, the property division statute, and KRS 403.200, the maintenance statute, required the trial court to make more findings than merely stating his conclusions of law, and allowed the appeal even though the Appellants had failed to bring this lack to the trial court's attention pursuant to CR

52.04. *Id.* Referring to CR 1, which states the Rules of Civil Procedure are secondary to procedural rules in statutes, the Court found that the requirements of KRS 403.190 setting forth specific, necessary factors to "consider" prevailed over CR 52. *Id.* The Court concluded: "Thus, the failure of the parties to request complete findings of fact is not fatal to their appeals because the trial judge did not comply with the procedural requirements of this statutory proceeding." *Id.*

■ Arguably, the same analysis applies to considerations of the "best interests" of a child under KRS 403.270. But there is one major problem with the holding in *Hollon.* The statute construed in that simply does not require a trial court to make such findings—only that it "consider" a non-exhaustive list of factors in reaching its ultimate conclusions of law. *See* KRS 403.190 & .200 No factual findings are required under the statute. Instead, the findings requirement comes from CR 52.01. Similarly, KRS 403.270 directs the court to "consider all relevant factors" and provides a non-exhaustive list of factors that are relevant to the best interests of the child. The statute includes no requirement to make findings of fact. Again, any such requirement comes from CR 52.01.

Certainly, it would be easier for this Court to point to established precedent to dispose of the question in this case, but to do so would ignore the plain language of the statutes and civil rules, and perpetuate a mistake. Because *Hollon* misstates what the statutes require and does not adequately address the effect of CR 52 in its entirety, it is overruled.

---

6. In its entirety, the rule reads:
   A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such fail-

ure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02.
   CR 52.04.

■ Still, there is some tension between the language in CR 52.04, which requires a *party* to object to the lack of a finding of fact, and the language in the first subsection of the rule, CR 52.01, which mandates that a *court* make findings of fact and conclusions of law. CR 52.01 states, "In all actions tried upon the facts without a jury ..., the court *shall* find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment...." (Emphasis added.) Later in that same section, the rule states, "Requests for findings are not necessary for *purposes of review* except as provided in Rule 52.04." (Emphasis added.) If it is mandatory that a court make specific findings of fact and conclusions of law, and state them separately, then it makes sense that it is not necessary to request those findings when a court fails to make them "for purposes of review." One should not have to ask a court to do its duty, particularly a mandatory one. Despite this, the sentence goes on to say that CR 52.04 *can* apply as its terms provide. As noted above, CR 52.04 requires a litigant to make a written request of the court or file a motion requesting *a* finding of fact *essential to the judgment* when the court has omitted it. Read as a whole, the rule clearly states that requests for findings are not necessary unless the court fails to include an essential fact that would make a judgment complete. In that limited instance, it is reasonable to require a litigant to request that finding if he wishes to have an appeal of that judgment, because the judgment is not whole without it. CR 52 embodies a burden on both the court (CR 52.01) and the litigant (CR 52.04). It is further reasonable that the broader burden be on the court whose express duty is to make necessary findings of fact and conclusions of law.

And such a reading is in keeping with the intent of CR 52: a judge must make findings of fact and not address the matter in a perfunctory manner, but if he misses only some key fact in his findings, the litigant must assist the court in its good faith efforts to comply with the rule by requesting that specific finding.

■ Also, as a matter of policy, when a court fails to make *any* kind of factual findings as required, the litigant should not be prohibited from asking an appellate court to require the lower court to make such findings. A trial court should be well aware of the requirements of CR 52.01, and failing in that duty places a litigant in the difficult position of signaling to the court that an appeal is imminent. It is not in the best interests of enforcing the intent of the rules, orderly review, or justice to require written requests in such circumstances.

To the extent possible, this Court should read the rules in harmony, rather than in conflict, to avoid rendering any of the language surplusage. This can be done by reading CR 52.01 as creating a general duty for the trial court to find facts, and 52.04 as applying only after the court has complied with its general duty. CR 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a written order. Failure to do so allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention. Thus, CR 52.04 does not conflict with this reading of CR 52.01, because CR 52.04 only bars reversal or remand "because of the failure of the trial court to make a finding of fact on *an issue* essential to the judgment" when a litigant fails to bring it to the court's attention by a written request for a finding.

■ The trial court decided only that the move would not be in the child's best

interest, which is the conclusion of law required by KRS 403.320. The order includes no findings of fact to support this conclusion, which violates the command of CR 52.01. Appellant's appeal, therefore, is properly before this Court, since under CR 52.01 a request for findings is not necessary for purposes of review. Saying only that it is not in a child's best interest to move to Paducah, and nothing further, raises the question "Why?" CR 52.04 is simply not involved here because the trial court made no factual findings rather than good-faith but incomplete findings.

In fairness, this Court recognizes that there have been prior decisions indicating that trial courts did not need to make specific findings of fact and separate conclusions of law on modification motions, *see, e.g., Burnett,* 516 S.W.2d at 332, and that CR 52.04 has sometimes been read as a stand-alone rule. However, that thinking did not fully consider the concerns raised by hearings that may have come about because of a motion, but were in fact hearings by the court that dealt with substantive matters involving evidence and witnesses which required findings of fact before a conclusion of law could be made.

Particularly, these concerns are relevant in cases involving disputes in family law where the court has essentially been given continuing jurisdiction over children until they reach majority or emancipation. To the extent that those cases differ from the holdings in this opinion, they are overruled.

### III. Conclusion

For the reasons stated above, this case is remanded to the Franklin Circuit Family Court to make specific findings of fact and separate conclusions of law consistent with this opinion, followed by the appropriate judgment.

MINTON, C.J.; CUNNINGHAM, SCHRODER and SCOTT, JJ., concur. ABRAMSON and VENTERS, JJ., concur in result only.