Jamie Lynn BAIZE, Appellant

v.

Jeffrey Alan PEAK, Appellee

NO. 2016-CA-001462-ME

Court of Appeals of Kentucky.

JUNE 30, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Patrick T. Flaherty, Owensboro, Kentucky.

BRIEF FOR APPELLEE: David M. Taylor, Owensboro, Kentucky.

BEFORE: COMBS, JOHNSON, AND J. LAMBERT, JUDGES.

OPINION

LAMBERT, J., JUDGE:

Jamie Lynn Baize (the Mother) appeals the Daviess Circuit Court order granting primary physical custody of the parties' child to Jeffrey Alan Peak (the Father). We affirm.

The Mother and Father began a relationship in late 2007/early 2008. The Mother became pregnant, and the parties' son (the Child) was born in September 2008. Paternity of the Father was established in April 2009, and he was ordered to pay child support.

The parties never married, but they remained together for the most part until they separated in 2014. At that time, the issue of child support was revisited, and the Father was ordered to pay $691.00 per month.

On May 5, 2016, the Father filed a petition for joint custody of the Child, with the Father as primary custodian. The Father alleged that the Mother moved residences frequently, which resulted in multiple changes of schools for the Child, and that the Father could provide a more stable lifestyle. The Father also requested that he be allowed to claim the Child for federal and state income tax purposes.

The Mother filed her response the following month; she did not contest the requested award of joint custody but urged that primary custody of the Child be awarded to her. The Mother also requested that child support payments be recalculated and that the parties should share claiming the Child for income tax purposes on alternate years.

The Daviess County Domestic Relations Commissioner held a hearing on the petition and response on July 28, 2016. In his Recommended Order entered on August 3 of that year, the Commissioner proposed that the parties be awarded joint custody of the Child with the Father as primary custodian. The Commissioner found that the Mother had moved seven times since the parties' separation and that the Child was forced to change schools four times in one academic year. The Father, on the other hand, had a stable domestic life (with plans to marry the woman with whom he was cohabitating), a full-time employment history, and a steady income. The Commissioner recommended that child support payments being made by the Father cease when primary custody was effected; he also proposed that the parties alternate years for claiming the Child on taxes (with the Mother claiming on odd years—beginning in 2015—and the Father on even years).

The Mother filed timely exceptions, the Father responded to the Mother's exceptions, and the Daviess Circuit Court held a hearing on September 21, 2016. The circuit court entered its Order adopting the recommendation of the Domestic Relations Commissioner on September 22, 2016, and the Mother appealed. This Court ordered the matter expedited on November 1, 2016.

The Mother argues that the circuit court erred in adopting the Commissioner's Recommended Order. The Mother specifically complains that neither the circuit court nor the commissioner made findings pursuant to Kentucky Revised Statute (KRS) 403.270 ("Custodial issues—Best interests of child shall determine—Joint custody permitted—De facto custodian"). The pertinent parts of that statute (as argued by the Mother) are as follows:

(2) The court shall determine custody in accordance with the best interests of the child and equal consideration shall be given to each parent and to any de facto custodian. The court shall consider all relevant factors including:

(a) The wishes of the child's parent or parents, and any de facto custodian, as to his custody;

(b) The wishes of the child as to his custodian;

(c) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(d) The child's adjustment to his home, school, and community;

(e) The mental and physical health of all individuals involved[.]

. . . .

(3) The court shall not consider conduct of a proposed custodian that does not affect his relationship to the child.

. . . .

The Mother insists that the circuit court and the commissioner improperly considered her personal life (KRS 403.270(3)) in the decision to grant the Father primary custodianship. She further contends that there were no factual findings regarding the factors enunciated in KRS 403.270(2)(a)–(e).

We disagree with the Mother. Kentucky Rule of Civil Procedure (CR) 52.01 provides:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment; and in granting or refusing temporary injunctions or permanent injunctions the court shall similarly set forth the findings of fact and conclusions of

law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review except as provided in Rule 52.04. **Findings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The findings of a commissioner, to the extent that the court adopts them, shall be considered as the findings of the court.** If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41.02.

(Emphasis added.) The Father correctly points out that the Mother failed to request specific findings pursuant to CR 52.04 ("A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02."). *See also Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011) ("[T]he litigant must assist the court in its good faith efforts to comply with the rule by requesting that specific finding.").

Moreover, the findings that were made by the Commissioner and adopted by the circuit court were sufficient to support the decision to make the Father primary custodian. The Mother's itinerant lifestyle (she was never in any one residence longer than four months) after the parties' separation could not be healthy for a child of any age. Not only did the Child attend four different schools during his second grade year, but the schools were in four different counties (including one move to another state). It defies credibility for the Mother to argue that this type of instability did not adversely affect the Child. Also, the Father testified that the Child had exhibited behavioral problems.

Furthermore, the Mother's assertion that the Child has always lived with her ("this Child has never lived anywhere other than with his Mother"), while factually accurate, neglects to inform this Court that the Father also lived with the Child until the parents' separation when the Child was six years' old. The Mother does not mention the testimony about her leaving the Child with a friend for a short time, or that, when she claimed that the Father was often absent (sometimes for "months at a time"), it was his response that "the breaks" were caused by the Mother's infidelity. There was also a finding that the Mother suffers from anxiety for which she has two prescription medications.

There was more than sufficient evidence to support the finding that it was in the best interests of the Child for the Father to be primary custodian. The Mother was granted "liberal and frequent visitation." The circuit court's decision comports with Kentucky statutory and case law. KRS 403.270; *Burton v. Burton*, 355 S.W.3d 489, 493–94 (Ky. App. 2011).

The Order of the Daviess Circuit Court is affirmed.

ALL CONCUR.