RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000997-ME

BETSY DANETTLE BALIAN                                   APPELLANT


APPEAL FROM LEWIS CIRCUIT COURT
FAMILY COURT DIVISION
v.        HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 16-CI-00185


GREGORY BASIL BALIAN                                      APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Betsy Danettle Balian brings this appeal from an Order of the
Lewis Circuit Court entered May 9, 2019, *inter alia*, denying Betsy's motion to
modify the timesharing schedule with the parties' children.  We vacate and
remand.

Betsy and Gregory Basil Balian were married on December 29, 2009. Three daughters were born of the parties' marriage: K.B. (born 1/7/2011); M.B. (born 7/1/2013); and V.B. (born 3/18/2017).[1] On November 16, 2016, Betsy filed a petition for a domestic violence order (DVO). Therein, Betsy alleged that Gregory had committed acts of domestic violence and sexual abuse upon her and two of the children. An emergency protective order was entered. After Betsy filed the DVO petition and without seeking permission of the court, Betsy took the children and moved to North Carolina. Gregory initiated the instant proceedings by filing a Verified Petition for Custody on December 1, 2016. Betsy then filed a Verified Petition for Legal Separation. Gregory answered and also filed a Motion to Return Children to Kentucky.

The family court conducted a hearing upon the petition and various motions on January 19, 2017. By order entered February 23, 2017, the parties were temporarily granted joint custody of their daughters and Betsy was designated primary residential custodian. Gregory was granted supervised visitation. The family court found there was no evidence of domestic violence and dismissed

---

[1] Betsy Danettle Balian and Gregory Basil Balian's third child, V.B., was born on March 18, 2017, after the action had been filed and after Betsy moved to North Carolina. Betsy also had two daughters from her previous marriage. These two daughters had resided solely with Betsy and Gregory before the action was filed but are not at issue in the instant appeal.

Betsy's petition for a DVO.[2]  Despite dismissing the petition, the family court ordered Gregory's visitation to be supervised pending outcome of the criminal charges that emanated from the allegations in the DVO petition.

On May 26, 2017, Gregory filed a Motion for Visitation.  Therein, Gregory stated the grand jury had refused to return an indictment against him regarding sexual abuse allegations made in the DVO petition.  Thus, Gregory was seeking unsupervised visitation with his children.  By Order entered June 1, 2017, Gregory was granted unsupervised visitation with his two oldest daughters.  Gregory was denied visitation with the parties' infant daughter that was born on March 18, 2017, as the child was still being nursed by Betsy.

In mid-2018, Betsy moved back to Kentucky.  By order entered June 15, 2018, the parties were awarded joint custody of their three children, and neither party was designated the primary residential custodian.  The order further provided that the parties were to have a "50/50 time split with all three minor children." June 15, 2018, Order at 1.

The family court conducted a "final" hearing on August 2, 2018.  The family court entered a decree of dissolution of the marriage by Order entered August 7, 2018.  By a separate order also entered on August 7, 2018, the family court reaffirmed its earlier order granting joint custody to the parties with no

---

[2] The family court consolidated the domestic violence action with this case and heard evidence regarding the alleged domestic violence at the January 19, 2017, hearing.

designation of a primary custodian and a 50/50 time split for custody of the children. Additionally, the court ordered the children to be enrolled in a school in Fleming County and that the parties were to engage in shared parenting on a 3-day/4-day alternating schedule. The parties were ordered to exchange the children at a gas station in Tollesboro, Kentucky, and were further admonished to control their behavior while exchanging the children. Gregory filed a motion to alter, amend, or vacate which was denied by the family court and neither party appealed this final custody order.

On April 10, 2019, Betsy filed a Motion to Modify Timesharing, and then, on April 26, 2019, Betsy field an Amended Motion. Therein, Betsy sought, among numerous requests, to be designated the primary residential parent. The family court summarily denied Betsy's motion to modify timesharing without an evidentiary hearing. In its May 9, 2019, Order denying the motion to modify, the family court noted that it had "an understanding of the facts of this case as it was litigated before the Court, nonstop, for a period of two to two and a half years." May 9, 2019, Order at 1. This appeal follows.

Betsy contends the family court erred by denying her motion to modify timesharing. More specifically, Betsy asserts it was error to summarily dismiss her motion to modify timesharing without conducting an evidentiary hearing. This is the only issue raised in this appeal.

-4-

Modification of timesharing is governed by Kentucky Revised

Statutes (KRS) 403.320(3), which provides:

> The court may modify an order granting or denying
> visitation rights whenever modification would serve the
> best interests of the child; but the court shall not restrict a
> parent's visitation rights unless it finds that the visitation
> would endanger seriously the child's physical, mental,
> moral, or emotional health.

The necessity of a hearing upon a motion to modify timesharing pursuant to KRS

403.320 was addressed by the Kentucky Supreme Court in *Anderson v. Johnson*,

350 S.W.3d 453 (Ky. 2011). Therein, the *Anderson* Court determined that an

evidentiary hearing is required upon a motion to modify timesharing and

specifically stated:

> [B]y saying that a timesharing modification can be done
> "whenever" it is in the best interests of the child to do so,
> the legislature effectively gave the family court
> continuing jurisdiction to hear such motions until the
> child reaches the age of majority or is emancipated.
> Motions to modify timesharing are motions to reopen the
> final divorce decree to the extent stated in the motion and
> require payment of the reopening fee. The Court is
> clearly obligated to determine questions of law and fact
> in the original custody proceeding. *See* KRS 403.310.
> Part of that proceeding is granting visitation or time
> sharing. Thus[,] motions for modification are not new
> actions and the case number remains the same. And by
> virtue of being brought post-decree, they are not motions
> being made in a pending action.
>
> . . . .

-5-

> Consequently, though named a "motion," a motion for modification [of timesharing] is actually a vehicle for the reopening and rehearing on some part of a final order, which asks for adjudication on the merits presented at a **required hearing**. As such, family courts must make findings of fact and conclusions of law, and must enter the appropriate order of judgment when hearing modification motions.

*Id.* at 456-57 (emphasis added) (footnotes omitted) (citation omitted); *see McNeeley v. McNeeley*, 45 S.W.3d 876, 877-78 (Ky. App. 2001) (holding that a motion to modify timesharing pursuant to KRS 403.320(3) cannot be granted without a hearing, because a hearing is required for the purpose of determining the best interests of the children). The *Anderson* Court, likewise, held that in addressing a modification of timesharing issue, Kentucky Rules of Civil Procedure (CR) "52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a written order. Failure to do so allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention." *Anderson*, 350 S.W.3d at 458.

In the case *sub judice*, the family court summarily denied Betsy's motion to modify timesharing without an evidentiary hearing. The family court was clearly frustrated with the amount of litigation that had occurred as a result of the parties' constant inability to agree upon child-related issues, which we certainly appreciate and understand upon review of the record in this case. While we are

-6-

sympathetic to the family court's frustration, we reluctantly must vacate and remand for an evidentiary hearing to determine whether the modification is in the best interests of the children. *See McNeeley*, 45 S.W.3d at 878; *Anderson*, 350 S.W.3d at 455; *see also* Rules of the Supreme Court (SCR) 1.030(8). Upon conclusion of the hearing, the family court shall render findings of fact and conclusions of law. *Anderson*, 350 S.W.3d at 457.

However, upon remand, we would caution both parties that evidentiary hearings premised upon frivolous claims or unsubstantiated allegations, asserted solely to frustrate, harass, or aggravate the other party may not be taken lightly by the family court and may be subject to appropriate sanctions if so determined, including the award of attorney fees to the prevailing party. *See* CR 11.[3] Additionally, we note that upon our review of the record, neither of the parties could be labeled a "model parent" and, in fact, both have engaged in conduct detrimental to the best interests of their children and otherwise designed to alienate the affections of the children against the other parent or interfere with the other parent's timesharing with the children. To the extent that such conduct endangers the safety, health, and well-being of the children, the family court may and can

---

[3] Kentucky Rules of Civil Procedure (CR) 11 requires every pleading, motion, and other paper of a party represented by an attorney to be signed by the attorney. If signed in violation of CR 11, sanctions may be imposed upon the attorney, the represented party or both. Additionally, to the extent either party makes false statements under oath at an evidentiary hearing, criminal penalties may be applicable. Kentucky Revised Statutes 523.020.

refer the case to the Cabinet for Health and Family Services for investigation and appropriate action. Both parents are encouraged on remand to place the best interests of their children above their personal, moral, or religious bias and end their hostility toward one another.

For the foregoing reasons, the Order of the Lewis Circuit Court is vacated and this cause is remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John Preston Thompson
Grayson, Kentucky

BRIEF FOR APPELLEE:

R. Stephen McGinnis
Greenup, Kentucky