RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0372-MR

LAURA JANE BOVEE (NOW
JACOBSON)                                                       APPELLANT

v.
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE PAMELA ADDINGTON, JUDGE
ACTION NO. 13-CI-01283

JOEL BOVEE                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Laura Jane Bovee (now Jacobson) appeals the findings of fact,

conclusions of law, and order entered by the Hardin Circuit Court on December 30,

2020. After careful review of the briefs, the record, and the law, we affirm.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

Jacobson and Joel Bovee were previously married and have one son

together. In November 2013, agreed custody and visitation orders were entered

designating Jacobson, who resides in Florida, as the primary residential custodian and granting Bovee parenting time during the summer months and, in alternating years, through Christmas and spring break. In March 2020, Bovee moved to modify the parties' parenting schedule. Specifically, Bovee sought primary custody of the child and for Jacobson to assume his prior parenting time schedule.

A hearing was held on August 13, 2020, at which the parties and various family members testified. Thereafter, on December 30, 2020, the court entered an order granting modification. Jacobson timely moved the court to alter, amend, or vacate the order and for additional findings of fact, pursuant to CR[1] 52 and CR 59. The court denied the motions, and this appeal timely followed. Additional facts will be introduced as they become relevant.

## ANALYSIS

Jacobson's claims on appeal pertain solely to the sufficiency of the court's findings of fact. CR 52.01 provides that, "[i]n all actions tried upon the facts without a jury . . . , the court shall find the facts specifically and state separately its conclusions of law thereon[.]" The rule serves to ensure that a clear record of the trial court's basis for its decision is readily apparent for appellate review. *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). Compliance with CR 52.01 has been deemed especially important in family cases where the final

---

[1] Kentucky Rules of Civil Procedure.

order "often becomes a necessary reference for the parents and third parties, such as school officials, medical providers, or other government agencies with responsibilities requiring knowledge of the facts determined by the trial court." *Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011). To be sufficient, the findings of fact should answer the question of why the trial court reached its judgment. *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011).

Jacobson first asserts that, despite being captioned as "Findings of Fact," in actuality the court merely recited the evidence and arguments which, in *Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56, 62 (Ky. 2012), was deemed insufficient to satisfy CR 52.01. We agree that this portion of the court's order is a misnomer where the court did not set out determinations of fact;[2] however, as Jacobson concedes, the court did make factual findings as part of its KRS[3] 403.270 best interest analysis.

By statute, KRS 403.270 and KRS 403.340, a trial or family court must make a custody determination by considering an arrangement which is in the best interest of the child. Herein, in its best interest analysis, the court specifically found: the child has a healthy and positive relationship with Bovee; Jacobson acts

---

[2] A finding of fact is defined by BLACK'S LAW DICTIONARY (11th ed. 2019) as, "[a] determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record[.]"

[3] Kentucky Revised Statutes.

out of animosity towards Bovee; the child has moved five times in as many years with Jacobson while Bovee has maintained a consistent residence; the child is likely to continue to meet educational expectations if he lives with Bovee; the child has established himself in the lives of his Kentucky relatives; and the child will be able to maintain his familial relationships in Florida. Additionally, the court noted that Jacobson admitted to emotionally and mentally harming the child by frequently bringing different paramours in and out of the child's life, cursing at the child, and telling the child multiple negative things about Bovee. Jacobson contends that these are recitations of evidence and not true determinations of fact. However, no evidence was introduced to counter these admissions – which were against Jacobson's interest – from which the court could derive a different finding. Consequently, the statements were properly considered and support the court's determination herein.

Despite these findings, Jacobson argues the court failed to satisfy the requirements of CR 52.01 where the order on appeal does not answer the question of *why* it is in the child's best interest to modify custody, as required by *Anderson*. Additionally, Jacobson maintains that the court failed to identify what, if any, principles of "common sense" or "common experience of mankind" it considered in determining that Jacobson's conduct – specifically, cursing at the child, the admitted mental and emotional harm to the child resulting from her permitting

-4-

multiple paramours to enter and exit the child's life, and her dislike of Bovee – justified its decision, pursuant to *Varney v. Bingham*, 513 S.W.3d 349 (Ky. App. 2017). Hence, Jacobson concludes that, like in *Miller v. U.S. Fidelity & Guaranty Company*, 909 S.W.2d 339 (Ky. App. 1995), the order must be reversed and remanded for additional findings since this Court has been left to presume that the lower court complied with the applicable statutory standards. We are unconvinced.

This case, however, is factually unlike the barebones order at issue in *Anderson*, 350 S.W.3d at 454, where the sole finding was that relocation was not in the child's best interest. Jacobson concedes the court here made at least some findings of fact setting forth its reasoning. Likewise, *Varney*, 513 S.W.3d at 353, is plainly distinguishable. Therein, a panel of this Court held it was reversible error for the family court to consider a parent's history of drug use prior to the birth of the child in its best interest analysis where the behavior did not impact the child. In contrast, the conduct considered herein directly pertained to Jacobson's interactions with the child and her motivations relating to the custody action, both of which are best interest factors a court is required to consider. KRS 403.270(2)(c)-(d). Moreover, in contrast to *Miller*, 909 S.W.2d at 341, it is clear that the court made all essential findings of fact and undertook the best interest analysis required by KRS 403.340 and KRS 403.270 where it identified and addressed each factor in turn. While the order could have been drafted with more

precision, the court's conclusion that the child's best interest would be served by the modification is explained by its findings as well as the uncontroverted evidence detailed in relation to each statutory factor. Consequently, we conclude that the court substantially complied with the dictates of CR 52.01.

## CONCLUSION

Therefore, and for the forgoing reasons, the order of the Hardin Circuit Court is AFFIRMED.

ACREE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

William D. Tingley
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEE:

Kimberly L. Staples
Radcliff, Kentucky