RENDERED: JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0512-MR

MORGAN RAE PETTY                                                        APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 15-CI-00277

BENJAMIN DAVID ADKINS                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, TAYLOR, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Morgan Petty appeals from an order of the Grayson

Circuit Court confirming and adopting in its entirety a report from the Domestic

Relations Commissioner (DRC) which ordered that the parties' minor child attend

school in Grayson County and named Benjamin Adkins the primary residential

parent.  We affirm.

Morgan's and Benjamin's daughter, C.A., was born in October 2013. The parties lived together in Grayson County for some time following her birth but separated in 2015. In June 2015, Morgan moved to Louisville, Kentucky, and filed a custody action in the Jefferson Circuit Court. Benjamin objected and successfully transferred the action to the Grayson Circuit Court. The parties agreed on joint custody and exercised week-on, week-off timesharing with C.A.

In November 2016, the parties were scheduled to appear for a hearing before the DRC regarding various issues, including where C.A. would attend school once she became of age. However, instead, the parties opted to enter into an agreement that was read into the record. The agreement included their commitment that C.A. would attend school in Grayson County. On the record, Morgan stated the agreement read into the record was the complete agreement; acknowledged she understood the agreement; and that she was not coerced or promised anything to enter into the agreement. For reasons that are not clear from the record before us, the agreement was not immediately reduced to writing, and an agreed order was not tendered until July 11, 2018. Morgan refused to sign the agreed order, objected, and requested a hearing prior to entry of the agreed order, claiming she had only agreed under fraud and duress. Due to Morgan's objections, the caption "Agreed Order" was marked through in ink pen by the DRC and "Commissioner's Report" was handwritten below. The parties briefed the circuit

-2-

court and a hearing was conducted. The circuit court entered an order confirming the Commissioner's Report on February 28, 2019.

While the prior agreed order and Morgan's objections were pending before the circuit court, Morgan filed two *pro se* motions. The first requested C.A. attend school in Louisville. Morgan contended that, not only did she live and work in Louisville, but Benjamin also worked in Louisville and commuted from Grayson County each day.[1] Morgan's second motion requested she be named primary residential parent and set a visitation schedule for Benjamin, presumably in anticipation that her motion to have C.A. attend school in Louisville would be successful.

Morgan subsequently filed a *pro se* motion for a custodial evaluation and the circuit court granted the motion by order entered April 16, 2019. The evaluation was performed, including psychological testing of Morgan and Benjamin, and a report submitted to the circuit court. The report concluded C.A. should attend school in Louisville and Morgan should be the primary residential parent. This was due in part to the evaluator's conclusion that the school at issue in Louisville was academically superior to the school in Grayson County. At the hearing before the DRC on August 2, 2019, regarding Morgan's motions,

---

[1] Benjamin refuted this assertion and presented evidence at the hearing before the DRC that, while he occasionally works in Louisville, he works in various locations within a one-hundred mile radius of Louisville, including Grayson County, depending on the needs of his employer.

Benjamin objected to the custodial report. He argued he had tried numerous times to subpoena the evaluator to no avail and would therefore be unable to cross-examine her regarding her findings contained in the report. Benjamin argued the report was factually incorrect regarding numerous issues. The DRC allowed admission of the report but stated she would only "consider it for whatever it's worth" and indicated she understood the evaluator should be subject to Benjamin's cross-examination.

After the conclusion of the DRC hearing, the parties tendered proposed findings of fact and conclusions of law. The DRC used Benjamin's tendered document in its entirety, which recommended C.A. attend school in Grayson County per the parties' previous agreement, and that C.A. live primarily with Benjamin. Morgan was to have timesharing with C.A. per the local rules. Morgan filed two sets of *pro se* objections to the DRC report prior to retaining counsel, who then filed exceptions to the report on Morgan's behalf. A hearing was held before the circuit court to address Morgan's exceptions to the DRC report. At the conclusion, the circuit court indicated it would review the DRC hearing and permitted the parties to file their last written arguments. On March 11, 2020, the circuit court entered an order confirming the DRC report. Morgan filed a motion to alter, amend, or vacate the order that was subsequently denied.

Morgan makes five arguments on appeal. She argues: (1) the circuit court failed to consider all relevant facts; (2) the circuit court failed to render meaningful and deliberated findings of fact and conclusions of law; (3) she was denied due process when the circuit court granted relief to Benjamin when he had not filed a motion; (4) the presumption of equal parenting time was not overcome; and (5) the circuit court failed to set a schedule that maximized Morgan's parenting time with C.A.

The issue at the heart of this appeal is the change in Morgan's parenting time that occurred as a result of C.A. attending school in Grayson County where Benjamin resides. The basis for a modification in timesharing is fact-driven because the legal standard is whether the modification is in the best interests of the child. *Anderson v. Johnson*, 350 S.W.3d 453, 455 (Ky. 2011). Further,

> [i]n reviewing a decision as to where a child will primarily live, we must give a great deal of deference to both the trial court's findings of fact and discretionary decisions. The trial court is in the best position to resolve the conflicting evidence and make the determination that is in the child's best interest. So long as the trial court properly considers the mandate of [Kentucky Revised Statutes (KRS)] 403.270, including giving due consideration to all relevant factors, we will defer to its decision if it is neither clearly erroneous nor an abuse of discretion.

*Barnett v. White*, 584 S.W.3d 755, 759 (Ky. App. 2019) (citations omitted).

Turning to Morgan's first argument, she asserts the circuit court failed to consider all relevant facts. We disagree. Although Morgan cites no legal authority for her argument, she relies on the custodial evaluation and argues that the circuit court failed to "use or apply the findings from said report."

> KRS 403.290(2) does allow a court to order psychological tests of the child, as well as the parents, in order to assist in making the custody determination. The statute is permissive, not mandatory, and *the professional's conclusions are merely expert testimony, or evidence to be considered by the courts*, and not dictates.

*Chalupa v. Chalupa*, 830 S.W.2d 391, 392 (Ky. App. 1992) (citations omitted) (emphasis added), *abrogated on other grounds by Fenwick v. Fenwick*, 114 S.W.3d 767 (Ky. 2003), *overruled on other grounds by Pennington v. Marcum*, 266 S.W.3d 759 (Ky. 2008).

Therefore, the circuit court was not compelled to defer solely to the evaluator's report and the duty of the judge to act as final arbiter was not in any way abrogated by the report's findings, conclusions, or recommendations. We cannot say the circuit court abused its discretion in determining not to follow the recommendations contained in the report, especially considering Benjamin was unable to cross-examine the evaluator. Further, "[a] reviewing court must give due regard to the trial court's judgment as to the credibility of the witnesses." *Williford v. Williford*, 583 S.W.3d 424, 428 (Ky. App. 2019) (citation omitted). Although

Morgan testified regarding what she believed is the academic superiority of the school in Louisville, Benjamin presented numerous witnesses who testified regarding the education C.A. would receive in Grayson County. Because the circuit court is in the best position to judge the credibility of the evidence, we will not substitute our opinion for that of the circuit court regarding the weight given to certain evidence, including the testimony of witnesses. Kentucky Rule of Civil Procedure (CR) 52.01; *B.C. v. B.T.,* 182 S.W.3d 213 (Ky. App. 2005). Accordingly, we discern no error.

Morgan next argues the circuit court failed to make any meaningful findings of fact because it adopted the DRC report – which used Benjamin's tendered findings of fact and conclusions of law – without change. We disagree. The scenario in the instant action is similar to *Prater v. Cabinet for Human Resources, Commonwealth of Kentucky*, 954 S.W.2d 954 (Ky. 1997). In *Prater*, the Kentucky Supreme Court held

> [f]irst, Appellant claims the trial court failed to make independent findings of fact as required by CR 52.01. He bases this allegation on the fact that the trial court adopted the Cabinet's proposed findings of fact without correction or change. *The trial court requested both parties to submit proposed findings of fact, which both did. It is not error for the trial court to adopt findings of fact which were merely drafted by someone else.*

*Id.* at 956 (emphasis added).

Both Morgan and Benjamin submitted proposed findings of fact and conclusions of law to the DRC. Morgan filed three sets of exceptions to the DRC report which were considered by the circuit court. The circuit court also conducted a hearing, reviewed the record, and both parties filed briefs prior to the circuit court's adoption of the DRC report. Because both parties were permitted to tender proposed findings and the record before us indicates the circuit court exercised its discretion in choosing between the two, we discern no error.

Morgan next argues she was denied due process because the circuit court ordered Benjamin to be the primary residential parent when he did not file a motion. We are unpersuaded. Although Morgan argues she was not given a chance to adequately prepare and present a "defense" to Benjamin being ordered the primary residential parent, she fails to state what she would have done differently if Benjamin had filed the motions instead of Morgan. Moreover, the record before us is clear. From the time the parties agreed on the record in 2016, that C.A. was to attend school in Grayson County, Benjamin sought to have that agreement entered as an order. He never waivered from his position that C.A. should attend school in Grayson County per the agreement of 2016. It was Morgan who sought to change the agreement regarding C.A.'s school, which, per Morgan's own admissions, would necessitate a change in timesharing. "The party seeking

-8-

modification of custody or visitation/timesharing is the party who has the burden of bringing the motion before the court." *Pennington*, 266 S.W.3d at 769.

As Morgan's own motions and arguments make clear, regardless of where the circuit court ordered C.A. to attend school, due to the distance and the one-hour time zone difference between the parties' residences, it was not in C.A.'s best interest to travel up to three hours per day to and from school. Further, neither party wished to change custody, but, in their testimony, both agreed that equal timesharing would be untenable once C.A. started school. KRS 403.320(3) governs modification of visitation/timesharing and states, in relevant part, that a "court may modify an order granting or denying visitation rights *whenever* modification would serve the best interests of the child[.]" (Emphasis added.) It was within the circuit court's discretion, based on Morgan's motions, to modify Morgan's timesharing "to an accommodation as reasonable as possible given the distance of the relocation and the means of the parties." *Pennington*, 266 S.W.3d at 770.

We address Morgan's remaining arguments together. She contends that there was insufficient evidence to overcome the presumption of equal timesharing and similarly argues that the circuit court failed to maximize her timesharing with C.A. Morgan's arguments are perplexing. She argues C.A. should attend school in Louisville and Morgan should be the primary residential

parent, which would have denied Benjamin equal parenting time, while simultaneously arguing the presumption of equal parenting time was not overcome. Regardless, Morgan's arguments to this Court are refuted by the record.

Careful review of the hearing shows that Morgan testified multiple times that it would be "unconscionable" and not in C.A.'s best interest to make her travel up to three hours per day for school. Morgan's testimony was clear that she was opposed to C.A. enduring long commutes on a daily basis. However, on cross-examination, Morgan refused multiple times to suggest a visitation schedule should the circuit court order C.A. to attend school in Grayson County. To wit:

> COUNSEL: If the court upholds the previous order . . . and the child goes to school in [Grayson County], what kind of parenting time do you want?
>
> MORGAN: I do not want my child to attend school ninety miles away from both parents. I can't answer that.
>
> COUNSEL: So you don't care how often you see the child?
>
> MORGAN: I want to see the child as much as possible which makes this school in [Grayson County] unconscionable.
>
> COUNSEL: Much like it will be for [Benjamin] for the child to attend school in Louisville?
>
> MORGAN: Absolutely not, he has the opportunity to be there every afternoon to pick her up if he so chooses.
>
> . . . .

COUNSEL: I'm going to ask you one more time. If the child attends school in [Grayson County], what type of parenting time do you want?

MORGAN: I can't answer that hypothetical. I want to be there for my child as much as possible. I would like to be the primary residential parent.

COUNSEL: Yes, ma'am, I understand. But if you're not the primary residential parent and the child attends school in [Grayson County], what type of parenting time do you want?

MORGAN: I'm going to object. I don't think this is relevant. The court's going to make a decision on where she goes to school and then, you know, I have to make a decision on what I can do and adhere to their advice. I can't say what the court's going to say. I can't make the court's decision for them. What I want is for my daughter to go to school a reasonable distance from me and I want to be able to pick her up and drop her off every day. And I want to work with [Benjamin] to make that happen, and I want to show her that we're both there for her. That's what I want.

Returning to KRS 403.320(3), we note that the statute states, in relevant part, that "the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health." To "restrict" visitation means to provide either parent with less than reasonable visitation. *Layman v. Bohanon*, 599 S.W.3d 423, 429 (Ky. 2020). After careful review, we conclude there was no abuse of discretion in the circuit court's increase of timesharing with C.A. in favor of Benjamin due to the child's attendance of school in Grayson County and Morgan's residence in

-11-

Louisville. Although Morgan's time with C.A. was reduced, it was not "restricted" as that term is used in KRS 403.320. Instead, Morgan's time was modified as necessary for C.A.'s school attendance.

For the foregoing reasons, the judgment of the Grayson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Earlene Whitaker Wilson
Leitchfield, Kentucky

BRIEF FOR APPELLEE:

Jeffrey D. Buckles
Elizabethtown, Kentucky