RENDERED: DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0865-MR

SHELBY HOWARD                                    APPELLANT


APPEAL FROM ELLIOTT CIRCUIT COURT
v.    HONORABLE JEFFREY L. PRESTON, SPECIAL JUDGE
ACTION NO. 18-CI-00098


SAMUEL HOWARD                                    APPELLEE

AND


NO. 2021-CA-0965-MR

SAMUEL HOWARD                              CROSS-APPELLANT


CROSS-APPEAL FROM ELLIOTT CIRCUIT COURT
v.    HONORABLE JEFFREY L. PRESTON, SPECIAL JUDGE
ACTION NO. 18-CI-00098


SHELBY HOWARD                              CROSS-APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE: ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

MCNEILL, JUDGE: Appellant, Shelby Howard (Shelby), and Appellee, Samuel Howard (Samuel), had their marriage dissolved by a decree of dissolution entered by the Elliot Circuit Court, Family Division, on August 8, 2019. The parties had one minor child during their marriage. They were awarded joint custody. In addition to addressing custody, child support, maintenance, and property division, the family court specifically concluded that Samuel was entitled to claim the federal child tax exemption (hereafter, the "exemption"). Once Shelby becomes employed on a full-time basis, the court ordered the parties to alternate the exemption from year to year.

On June 4, 2021, Shelby filed a motion requesting that she be awarded the exemption for the child because she had become the primary residential parent by an agreed order entered on February 26, 2021. The trial court held a hearing on the matter and issued an order entered on June 25, 2021. Therein, the court held, *inter alia*, that "[t]he Court refuses to change the income tax exemption because [Samuel] is paying approximately $800.00 per month in child support." The court also awarded Shelby $1,400 in federal stimulus funds that were paid to Samuel, as well as "any future stimulus checks."

In her brief on appeal, Shelby states, without citation, that she filed a motion to alter, amend, or vacate the court's order. *See* CR[1] 76.12(4)(c)(v). However, there appears to be no such motion or attendant order addressing such a motion in the record. She now appeals to this Court as a matter of right. Samuel cross-appeals. Neither party filed reply briefs. For the following reasons we hereby reverse the family court and remand.

## ANALYSIS

Shelby's sole argument on appeal is that the family court abused its discretion by awarding the exemption to Samuel. In support, she cites the case of *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767 (Ky. 2015) (requiring specific findings concerning the allocation of the child tax exemption, including a nexus between the court's findings and the best interest of the child). Shelby's request for relief is that we remand this case to the family court and order the court to award Shelby the income tax exemption for the year 2021 and thereafter. She does not explicitly request that we remand for additional findings. However, the absence of findings is central to her complaint here. There is no indication that she requested additional findings before the family court pursuant to CR 52.04.

> CR 52.04 states that a final judgment "shall not be reversed or remanded" because the trial court did not make "a finding of fact on an issue essential to the judgment" unless that omission has been brought to the

---

[1] Kentucky Rules of Civil Procedure.

judge's attention by a written request for that finding or by a motion filed within ten days after entry of the judgment.

*Anderson v. Johnson*, 350 S.W.3d 453, 457 (Ky. 2011) (footnote omitted).

Still, there is some tension between the language in CR 52.04, which requires a *party* to object to the lack of a finding of fact, and the language in the first subsection of the rule, CR 52.01, which mandates that a *court* make findings of fact and conclusions of law. . . .

. . . .

To the extent possible, this Court should read the rules in harmony, rather than in conflict, to avoid rendering any of the language surplusage. This can be done by reading CR 52.01 as creating a general duty for the trial court to find facts, and 52.04 as applying only after the court has complied with its general duty. CR 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a written order. Failure to do so allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention.

*Id*. at 458.

In consideration of *Anderson*, we therefore conclude that *Adams-Smyrichinsky* requires the family court to articulate threshold findings that are not present here. More precisely, the court's order omits any consideration of the child's best interest, and whether there exists a nexus between such interest and the

-4-

court's findings. *See Adams-Smyrichinsky*, 467 S.W.3d at 783-85.[2] Therefore, we reverse the family court order and remand this case for consideration of and findings pursuant to *Adams-Smyrichinsky*.

In his cross-appeal, Samuel argues that the family court erred by awarding the federal stimulus funds to Shelby. Similar to the first issue addressed herein, the family court did not enter specific findings on this issue. Because we are remanding for findings concerning the exemption, we also remand for further findings concerning entitlement to the stimulus payments. To be clear, we are not addressing the merits of any issue on appeal, *i.e.*, who should receive the exemption or stimulus payments.

## **CONCLUSION**

We hereby REVERSE the family court's ORDER entered on June 25, 2021, with instructions that the court enter a new order on the issues of the exemption and stimulus payments. Any additional hearings may be ordered at the discretion of the family court.

ALL CONCUR.

---

[2] We note that neither party has cited to the underlying hearing or any other portion of the record that may have instructed the family court's decision and, by extension, our decision on appeal.

BRIEFS FOR APPELLANT/CROSS-APPELLEE SHELBY HOWARD:

MaLenda S. Haynes
Grayson, Kentucky

BRIEFS FOR APPELLEE/CROSS-APPELLANT SAMUEL HOWARD:

Earl Rogers III
Morehead, Kentucky