RENDERED:  OCTOBER 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1414-MR

JASON WALLACE HOWARD                                                    APPELLANT


APPEAL FROM ANDERSON CIRCUIT COURT
v.          HONORABLE S. MARIE HELLARD, JUDGE
CASE NO. 20-CI-00055


ELIZABETH TAYLOR
HOWARD (NOW GRIDER)                                                        APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND MOYNAHAN, JUDGES.

KAREM, JUDGE:  Jason Howard ("Father") appeals from an Anderson Circuit

Court order entered on November 12, 2024, ordering temporary supervised

visitation with his two children.  Howard argues that the court erred in modifying a

final decree without conducting a hearing or making findings of fact.  The

children's mother, Elizabeth Taylor Howard Grider, ("Mother") argues that his

appeal should be dismissed because the order is interlocutory.  She also seeks to have Father's appellant's brief stricken for failing to comply with Kentucky Rules of Appellate Procedure ("RAP") 31 and 32.

Upon careful review, we hold that the order was appealable because it modified a final decree and impacted the care and custody of two minor children. The circuit court was required to conduct a hearing and make findings before entering an order modifying visitation, even if temporarily.  Consequently, the order must be vacated and the case remanded for further proceedings.  The question of whether Father's brief failed to comply with RAP 31 and 32 is therefore rendered moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were married in 2014 and divorced in 2021.  The decree of dissolution, entered on August 11, 2021, incorporated a settlement agreement providing for joint custody of their two children, then aged four and six, and equal parenting time.  The proceedings thereafter were extremely contentious.

On August 10, 2022, Mother moved for sole custody, to modify parenting time, and to appoint a custodial evaluator. The motion alleged numerous ongoing disagreements between Mother and Father over parenting issues such as: exchange times and locations, daycare, alternate caregivers/first refusal, medical care and providers, child support and daycare expenses, corporal punishment, and

-2-

Father's lack of cooperation with a court-appointed parenting coordinator. The circuit court appointed a friend of the Court ("FOC") ;[1] ordered a custodial evaluation by a psychologist; and scheduled a full-day hearing. The conflict between the parents continued. Father filed motions to show cause and limit timesharing, alleging that Mother had violated the divorce decree regarding the children's medical care and in scheduling their therapy. Mother and Father participated in mediation, and an agreed order was entered on August 29, 2023, in an attempt to resolve many of the co-parenting disputes.

On October 3, 2023, Mother filed a verified motion to show cause why Father should not be held in contempt for multiple violations of the agreed order. Father responded by alleging that Mother had also violated the order in connection with the children's medical care.

On December 5, 2023, the court entered an agreed order providing Mother with sole custody. Father was to continue to have access to the children's medical and school portals, but all communications with the children's school and medical personnel, and related decisions were to be made by Mother. The existing parenting schedule was to remain in full force and effect. According to Father, he agreed to the order because he could not afford to pay his attorney due to the excessive litigation.

---

[1] Kentucky Revised Statute ("KRS") 403.090.

Several months later, on June 11, 2024, Mother moved to modify timesharing to have the children reside primarily with her. She claimed that Father was intruding on her sole custody and continued to communicate directly with school personnel in violation of the agreed order. The motion was scheduled for a hearing on November 21, 2024.

While the motion was pending, Mother filed a verified emergency motion on October 3, 2024, seeking a temporary and immediate change in parenting time and supervised visitation for Father. The motion alleged that Father was manipulating the children and was not giving one of the children her medication. Allegedly, Father was also continuing to disobey the agreed order by reaching out directly to personnel at the children's school. The motion requested the children begin to reside primarily with Mother immediately. Father thereafter served subpoenas *duces tecum* on the children's medical and therapy providers, seeking their records.

The parties appeared at motion hour on November 12, 2024. Father was represented by new counsel, who had only just entered his appearance. The court was informed that Father had directly contacted the children's pediatrician and that his attempts to obtain confidential records relating to the children's therapy had caused some of the children's providers to quit. The court informed Father that the records he was seeking were privileged and requested Mother's

attorney to prepare a protective order. The court stated that it would not address the underlying visitation modification issue and that the current hearing would focus solely on the supervision of Father's visitation. The court stated that it would now have to appoint a guardian *ad litem* ("GAL") to represent the children. The court expressed its frustration with Father's conduct and told him that although she did not want to order supervised visitation, she had "to take some action on a temporary basis to put a stop to this." The court entered an order stating:

> [Father's] timesharing shall be temporarily supervised until such time as the [GAL] is able to have time to get involved in this difficult case, and a hearing may be had (the Court is necessarily having to continue the motion for supervision due to [Father] recently retaining new counsel, and due to the fact that a GAL is being newly appointed). The parties shall utilize The Butterfly House, or a Second Chance supervising agency. If the Cabinet becomes involved, then [Father] may have supervised visits at the Cabinet office if the Cabinet has workers available and who are willing to supervise visits.

The hearing on supervision of Father's visitation was continued from November 21, 2024, to February 21, 2025.

Father filed a Kentucky Rules of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate the order, arguing that due process required the court to conduct a hearing before ordering his visitation to be supervised. On November 20, 2024, Father filed a *pro se* appeal from the November 12, 2024

order.  He additionally filed a motion for intermediate relief, pursuant to RAP 21, which was denied.

On November 26, 2024, this Court entered an order directing Father to show cause why his appeal should not be dismissed as interlocutory.  Father filed a response, and his appeal was allowed to proceed.  On December 23, 2024, the family court entered an order denying Father's 59.05 motion and reiterated that the November 12, 2024 order was temporary and that it had been prepared to move forward on the hearing on November 21, 2024, but the hearing had been continued at the request of Father's counsel.

## ANALYSIS

Father argues that the circuit court violated his due process rights by entering the temporary supervised visitation order without first conducting a hearing and making findings of fact.  Mother argues that Father's appeal should be dismissed because the order is temporary and therefore interlocutory.  We address first the dispositive question of whether the order was interlocutory.

Following the entry of a final decree of dissolution, a circuit court retains continuing jurisdiction over the case.  "[T]he court granting the divorce retains jurisdiction to revise orders relative to the care and custody of children." *N.B. v. C.H.*, 351 S.W.3d 214, 219 (Ky. App. 2011) (citation omitted).  "When, by the exercise of its continuing jurisdiction, the family court enters an order

-6-

regarding a minor child's care and custody, that order is an appealable order and this Court may review it." *Id*. (internal quotation marks and citation omitted).

In a factually similar case, a father appealed from a post-decree order modifying his visitation with his children and their therapy. *Turner v. Turner*, 672 S.W.3d 43 (Ky. App. 2023). The opinion addressed whether the order was appealable, acknowledging that "the order might not facially appear final and appealable under the requirements in CR 54.01 and CR 54.02 especially since the family court envisioned possibly issuing additional rulings after the passage of at least three months." *Id*. at 50. Nonetheless, the Court concluded that the "order is by its nature appealable as a decision impacting the custody and care of the minor children." *Id*. (citations omitted).

To summarize:

> Timesharing that has been set by the court in an order on post-decree modification is final and appealable, partly because it is a modification of an already entered final order, and also because KRS 403.320(3) specifically allows a court to modify a final order "*whenever* modification would serve the best interests of the child." (Emphasis added.) Thus a visitation order modifying a final order becomes the new final order and is subject to appeal.

*Anderson v. Johnson*, 350 S.W.3d 453, 455-56 (Ky. 2011) (footnote omitted).

The situation is different prior to the entry of a decree, when "a court may enter temporary custody orders pursuant to KRS 403.280, and may determine

timesharing/visitation pursuant to KRS 403.320, which may be modified whenever it is in the child's best interests to do so.  Any such decisions are 'pendente lite,' 'interlocutory' or 'non-final.'"  *Pennington v. Marcum*, 266 S.W.3d 759, 765 (Ky. 2008), *as modified* (Oct. 24, 2008).

The order specifying that Father's visitation would have to be temporarily supervised was entered post-decree, modified a final order, and related to the children's care and custody.  Under the foregoing authorities, it was a final and appealable order, even if the circuit court contemplated it being in place for a relatively short time until a hearing could be conducted.  Consequently, the order was not interlocutory, and this appeal may go forward.

The circuit court in this case was faced with a difficult dilemma.  It was confronted with evidence that Father repeatedly violated the prior agreed order by continuing to reach out to the children's providers and by seeking to subpoena their confidential records.  It was unable to conduct a hearing on modification of visitation because Father's attorney had made his first appearance that day, and a GAL had to be appointed to represent the children.  The circuit court plainly stated its order of supervised visitation was temporary until a full hearing on the issue of visitation could be conducted.  Nonetheless, "in domestic relations cases, post-decree motions concerning visitation and timesharing modifications are 'actions tried upon the facts without a jury,' CR 52.01, which require specific findings of

fact and separate conclusions of law, followed by an appropriate judgment." *Anderson*, 350 S.W.3d at 454. We are unable to find any support for post-decree temporary modifications of visitation that do not require a hearing and findings of fact.

## CONCLUSION

For the foregoing reasons, the order of temporary supervised visitation entered on November 12, 2024, is vacated, and the case is remanded for further proceedings in accordance with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jason Howard, *pro se*
Salvisa, Kentucky

BRIEF FOR APPELLEE:

Patrick F. Graney
Shelbyville, Kentucky