RENDERED: MAY 13, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1551-ME

KEVIN ROSE                                                          APPELLANT

v.          APPEAL FROM WHITLEY CIRCUIT COURT
            HONORABLE DANIEL BALLOU, JUDGE
            ACTION NO. 14-CI-00408

RONNIE JOE BRIGHT, JR.
AND LINDA BRIGHT                                                   APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Kevin Rose brings this appeal from an October 12, 2020,

Findings of Fact, Conclusions of Law, Judgment and Child Custody and

Timesharing Order of the Whitley Circuit Court denying his motion to modify

custody or, in the alternative, to modify visitation/timesharing. We affirm.

Kevin and Amanda Rose were a married couple and are the biological parents of three children born during the marriage: L.R., born on February 5, 2009; E.R., born on April 12, 2010; and A.R., born on March 9, 2012. From the time of the children's birth until 2013, L.R., E.R., and A.R. were in the legal custody of Kevin and Amanda. By early 2013, Kevin and Amanda had separated and the parties divorced sometime thereafter. Kevin began living with his mother and step-father, Linda Bright and Ronnie Bright, Jr. (the Brights). Amanda had physical custody of the children but received childcare assistance and financial support from the Brights.

On May 10, 2013, dependency, neglect, and abuse (DNA) petitions were filed in the Whitley District Court (Action Nos. 13-J-50068, 13-J-50069, and 13-J-50070) as to each of the three children, L.R., E.R., and A.R. Initially, temporary removal orders were entered removing the three children from Amanda's custody and placing them in Kevin's custody. Shortly thereafter, the children were also removed from Kevin's custody. Following an evidentiary hearing, an adjudication order was entered on July 3, 2013. Therein, the circuit court found that L.R., E.R., and A.R. were neglected by both Kevin and Amanda and placed the children in the temporary custody of the Brights. By disposition order entered October 9, 2013, the circuit court ordered that the children would

remain in the temporary custody of the Brights.  Neither Kevin nor Amanda was granted visitation/timesharing with the children.

On July 16, 2014, the Brights filed the underlying custody action in Whitley Circuit Court seeking *de facto* custodian status and sole custody of L.R., E.R., and A.R.  A hearing was conducted on December 4, 2014, and the circuit court determined the Brights were *de facto* custodians of the three children.  By Findings of Fact, Conclusions of Law, Judgment and Order entered January 7, 2015 (January 7, 2015, Judgment and Order), the Brights were awarded sole custody of L.R., E.R., and A.R.  Kevin and Amanda were awarded separate supervised visitation.  Neither Kevin nor Amanda pursued an appeal from the January 7, 2015, Judgment and Order awarding sole custody of the three children to the Brights.  Over the next several years, Kevin apparently moved in and out of the Brights' home and exercised supervised visitation with the children.  Per the January 7, 2015, Judgment and Order, these visits were supervised by the Brights.

Then, on June 14, 2019, more than four years after entry of the January 7, 2015, Judgment and Order awarding the Brights sole custody of the children, Kevin filed a Motion for Joint Custody.  In the Motion for Joint Custody, Kevin essentially sought modification of the January 7, 2015, Judgment and Order granting sole custody of the children to the Brights.  More specifically, Kevin sought joint custody of the children with equal visitation/timesharing.  The motion

was purportedly filed pursuant to Kentucky Revised Statutes (KRS) 403.280.[1]  In the alternative, Kevin requested that the supervision requirement be removed from his visitation/timesharing with the children.  The relationship between Kevin and his mother, Linda, had apparently deteriorated, and Kevin expressed that he no longer felt comfortable visiting with the children in the Brights' home.  Kevin has not exercised timesharing/visitation with the children since March of 2020.

In response, the Brights argued that Kevin's motion was one to modify custody and should have been brought under KRS 403.340, with an accompanying affidavit per KRS 403.350.[2]  Following the circuit court's ruling that Kevin was required to submit an affidavit, Kevin filed two affidavits in support of his motion.  The Brights then filed two counter-affidavits.

A hearing was subsequently conducted on September 30, 2020, upon Kevin's Motion for Joint Custody.  When the case was called, counsel for the Brights requested clarification from Kevin's counsel regarding whether he was proceeding under KRS 403.270 or 403.340.  Kevin's counsel responded that "whether we proceed under KRS 403.270 or [KRS 403.340] doesn't matter . . . the general assembly has changed the law anyway two years ago.  There is a

---

[1] Kentucky Revised Statutes (KRS) 403.280 is entitled "Temporary Custody Orders" and is not applicable to the Motion for Joint Custody filed by Kevin Rose.

[2] KRS 403.350 provides "[a] party seeking . . . modification of a custody decree shall submit . . . an affidavit setting forth facts supporting the requested order or modification . . . ."

presumption of joint custody.  Doesn't matter.  We have complied with the law whether it is an initial [custody] action or modification."  September 30, 2020, Video Trial Record at 9:21 a.m.

Following the hearing, by Findings of Fact, Conclusions of Law, Judgment and Child Custody and Timesharing Order entered October 12, 2020 (October 12, 2020, Judgment and Order), the circuit court denied Kevin's motion to modify the award of sole custody to an award of joint custody with equal timesharing.  The circuit court found "that no facts have arisen since entry of the prior child custody order, . . . [which indicate] any change in the circumstances of the children or their custodians that authorize, permit, or justify modification of the prior child custody order."  October 12, 2020, Judgment and Order at 4.  The circuit court further found "that modification of custody does not, and is not necessary, to serve the children's best interests [and] that modification of the timesharing/visitation order that would lift the restriction for supervision of [Kevin's] visitation with the children does not serve the best interest of the children."  October 12, 2020, Judgment and Order at 5-6.  This appeal follows.

Our review of the denial of a motion to modify custody and visitation/timesharing is as follows:

> Our standard of review is set forth in Kentucky Rule of Civil Procedure (CR) 52.01, and findings of fact shall not be set aside unless clearly erroneous.  A finding of fact is clearly erroneous if it is not supported by substantial

> evidence, which is evidence sufficient to induce
> conviction in the mind of a reasonable person.  The
> question before this Court is not whether we would have
> reached a different decision, but rather, whether the
> findings of the family court are clearly erroneous,
> whether it applied the correct law, or whether it abused
> its discretion.

*Berzansky v. Parrish*, 583 S.W.3d 6, 7 (Ky. App. 2019) (citations omitted); *see also Anderson v. Johnson*, 350 S.W.3d 453, 456-57 (Ky. 2011); *Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008).

Kevin asserts that the circuit court erred by denying his motion to modify the award of sole custody to the Brights into a joint custody award with him exercising equal timesharing of L.R., E.R., and A.R.  More particularly, Kevin asserts that the circuit court erroneously applied KRS 403.340(3) to his motion for an award of joint custody.  Kevin believes that he was entitled to a presumption of joint custody with equal timesharing under KRS 403.270.

Another panel of this Court recently held that "the plain and unambiguous language of the statute [KRS 403.340] creates a rebuttable presumption [for joint custody] only *after* the court determines that a modification of an existing custody decree is in the child's best interest." *Berzansky*, 583 S.W.3d at 8.  Modification of a custody decree is governed by KRS 403.340, which provides, in relevant part:

> (3) [T]he court shall not modify a prior custody decree
>     unless after hearing it finds, upon the basis of facts

that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. When determining if a change has occurred and whether a modification of custody is in the best interests of the child, the court shall consider the following:

(a) Whether the custodian agrees to the modification;

(b) Whether the child has been integrated into the family of the petitioner with consent of the custodian;

(c) The factors set forth in KRS 403.270(2) to determine the best interests of the child;

(d) Whether the child's present environment endangers seriously his physical, mental, moral, or emotional health;

(e) Whether the harm likely to be caused by a change of environment is outweighed by its advantages to him; and

(f) Whether the custodian has placed the child with a de facto custodian.

KRS 403.340(3).  Simply stated, pursuant to KRS 403.340(3), a circuit court is permitted to modify custody if it finds, after a hearing, that (1) a change has occurred in the circumstances of the child or the custodian, **and** (2) modification of the custody decree is necessary to serve the child's best interests.  When a circuit court is determining whether a change in circumstances has occurred and whether

-7-

a modification of custody is in the best interests of the child, it shall consider the factors enumerated in KRS 403.340(3)(a)-(f).

In the case *sub judice*, the Brights were declared *de facto* custodians of L.R., E.R., and A.R. and were awarded sole custody of the children by Judgment and Order entered on January 7, 2015. No appeal of the January 7, 2015, Judgment and Order was taken by Kevin. Therefore, as *de facto* custodians, the Brights were given the same standing as a parent in any custody determination. *See Sullivan v. Tucker*, 29 S.W.3d 805, 807-08 (Ky. App. 2000); KRS 403.270(1)(b). And, the circuit court ultimately determined that following entry of the January 7, 2015, Judgment and Order awarding the Brights sole custody, there had not been a change in the circumstances of the children or a change in the circumstances of the Brights. In fact, the court expressed concern that the testimony presented by Kevin only addressed changes in his circumstances, which are not relevant to the inquiry under KRS 403.340(3). Rather, as the court properly noted, the relevant inquiry under KRS 403.340(3) is whether there has been a change in the circumstances of the children or in the circumstances of the custodian and then whether modification of custody is in the best interests of the children.

The circuit court considered the factors set forth in KRS 403.340(3)(a)-(f) to determine whether a change in circumstances had occurred

and whether modification was necessary to serve the best interests of the children. Relevant thereto, the circuit court specifically found that: the Brights, as *de facto* custodians, did not agree to a modification of custody; the three children have not been integrated into Kevin's home; the children's present environment does not endanger them physically, mentally, emotionally, or morally; the children would not benefit from a change in their environment, and the harm likely caused by the proposed change would outweigh any alleged benefit; and the Brights, as custodians of the children, had not placed the children with a *de facto* custodian.

The circuit court clearly engaged in the proper analysis under KRS 403.340 for reviewing a motion to modify custody. *See Berzansky*, 583 S.W.3d at 8. The court considered the factors set forth in KRS 403.340(3) and determined that there had not been a change in the circumstances of the children or the Brights and that modification of custody was not in the best interests of the children. As such, we do not believe that Kevin was entitled to a presumption of joint custody per KRS 403.270. *See Berzansky*, 583 S.W.3d at 8. As the circuit court's findings of fact were supported by substantial evidence, those findings will not be set aside as clearly erroneous. Therefore, we cannot say the circuit court erred by denying Kevin's motion to modify the award of sole custody to the Brights.

Kevin also asserts that his "liberty interests" were denied during the hearing on his motion to modify custody or, in the alternative, to modify

timesharing/visitation. He alleges this deprivation of his rights occurred when he was not permitted to finish presenting the testimony of his witnesses during the hearing. For the following reasons, we disagree.

In this case, an evidentiary hearing was conducted on September 30, 2020, upon Kevin's motion to modify the award of sole custody to an award of joint custody with equal timesharing and upon his motion to modify the supervision requirement placed on his timesharing/visitation. The hearing lasted approximately four hours. Kevin was the first witness to be called, and he testified for almost an hour and a half. The second witness called by Kevin was his current mother-in-law, and she testified for less than ten minutes. Ronnie Bright, Kevin's step-father and a *de facto* custodian of the three children, was the third witness called by Kevin. Ronnie testified for approximately one hour.

During the hearing, the circuit court informed Kevin that he had failed to present any testimony relevant to the statutory requirements of KRS 403.340(3). More precisely, as previously noted, the court emphasized that none of the evidence presented was relevant to a change in the circumstances of the children or a change in the circumstances of the Brights as custodians. The court even asked Kevin's counsel whether he anticipated that any of the other witnesses he planned to call would testify to a change in the circumstances of the children or the Brights. Counsel was not directly responsive to the inquiry. As there had been no relevant

-10-

testimony presented and none expected to be presented from the remaining witnesses, we do not believe the court erred by limiting the additional testimony. It appears to this Court that any additional witnesses would have only produced testimony duplicative or cumulative of the testimony Kevin had already presented. And, since Kevin failed to enter the proposed testimony of those witnesses by avowal, we view this contention of error to be without merit. *See Charash v. Johnson*, 43 S.W.3d 274, 281 (Ky. App. 2000). Kentucky Rules of Evidence 103.

Kevin also asserts that his due process rights under the United States and Kentucky Constitutions as set forth in *Troxel v. Granville*, 530 U.S. 57 (2000), were violated. More particularly, Kevin maintains that as a biological parent he is entitled to control the upbringing of his children. We view the *Troxel* case as clearly distinguishable. In *Troxel*, the Supreme Court held that a parent has a fundamental right to control the upbringing of his children and, thus, allowing "anyone" to petition the court for visitation would infringe upon that right. *Id.* *Troxel* involved noncustodial grandparents petitioning the court for visitation with their grandchildren against the wishes of a biological parent.

By contrast, in the case *sub judice*, the Brights were previously declared *de facto* custodians and granted sole custody of the children some six years earlier, presumably in part, based on Kevin's conduct. After being declared *de facto* custodians, the Brights acquired the same or equal standing as a parent in

-11-

custody matters. *See Sullivan*, 29 S.W.3d at 807-08. In fact, Kevin voluntarily agreed to place the children with the Brights in 2014, had acquiesced in the Brights' being declared *de facto* custodians, and did not object to the Brights being awarded sole custody. Kevin did not even challenge the January 7, 2015, Judgment and Order awarding the Brights sole custody until over four years later. Therefore, we believe Kevin has forfeited any superior right to custody of the children. *See Moore v. Asente*, 110 S.W.3d 336, 360 (Ky. 2003).

Kevin also asserts that the circuit court erred by denying his motion to modify his visitation/timesharing to remove the requirement that it be supervised by the Brights. For the following reasons, we also disagree.

KRS 403.320(3) governs modification of visitation/timesharing and provides that a court may modify same if modification would serve the best interests of the child. In examining the "best interests of the child," KRS 403.270(2) sets out various factors to consider. And, the circuit court possesses broad discretion in modifying timesharing. *Barnett v. White*, 584 S.W.3d 755, 759 (Ky. App. 2019). A decision by the circuit court will only be disturbed where a clear abuse of discretion has occurred or where "clearly erroneous in light of the facts and circumstances" of the case. *Layman v. Bohanon*, 599 S.W.3d 423, 431 (Ky. 2020).

In this case, the circuit court engaged in an analysis of the best interests factors as set forth in KRS 403.270(2) and found that a modification to visitation/timesharing would not be in the children's best interests at that time. Based upon our review of the record and the evidence considered by the circuit court, we are unable to conclude that the circuit court findings of fact were clearly erroneous or that the denial was an abuse of discretion. We believe the circuit court properly determined that modification of Kevin's visitation/timesharing to remove the supervision requirement was not in the children's best interests.

For the foregoing reasons, the Findings of Fact, Conclusions of Law, Judgment and Child Custody and Timesharing Order of the Whitley Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Leroy A. Gilbert, Jr.<br>Corbin, Kentucky | Sandra J. Reeves<br>Corbin, Kentucky |