RENDERED: SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1397-MR

BRADLEY NEAL JENKINS                                           APPELLANT

v.
APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE JOHN M. MCCARTY, SPECIAL JUDGE
ACTION NO. 20-CI-00136

SHELLY SUE JENKINS AND
COMMONWEALTH OF KENTUCKY                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND COMBS, JUDGES.

COMBS, JUDGE:  This case arises from a dispute over child support arrears in a

post-dissolution proceeding.  Appellant, Bradley Neal Jenkins, was found to be in

contempt and ordered to pay $1,804.94 to the Appellee, Shelly Sue Jenkins, his

former spouse.  Bradley now appeals an order of the Daviess Circuit Court

resolving the parties' cross-motions for contempt.  After our review, we affirm.

Following uncontested proceedings, Bradley and Shelly were divorced by decree entered on July 17, 2020. The decree incorporated the terms of their negotiated property settlement agreement. In relevant part, the agreement provided that Shelly would reside in the marital home (and be responsible for making the monthly mortgage payment) and that she would keep the couple's Honda Odyssey (and be responsible for the monthly payment associated with it). The agreement provided that Bradley would: contribute $214.00 per month toward the parties' marital debt; be responsible for expenses associated with the parties' Florida timeshare; and pay child support in the amount of $1,400.00 per month. The parties agreed to divide equally the medical and school-related expenses incurred for the benefit of their minor children.

By order entered on January 22, 2021, the Cabinet for Health and Family Services through the Daviess County Attorney's Child Support Division was permitted to intervene in the action. The Cabinet was made assignee for the child support due and owing; Bradley's child support was made payable through wage assignment. On January 28, 2021, the Cabinet filed a motion seeking judgment against Bradley for $7,611.00 -- the amount of unpaid child support that it alleged had accrued between January 1, 2020, and January 13, 2021. An accounting of the amounts of child support paid each month during this period was attached.

On February 4, 2021, Bradley filed a verified motion for contempt. He indicated that Shelly failed to make the October, November, and December 2020 mortgage payments for which he remained indebted and that, therefore, he was forced to pay them. Bradley explained that he deducted his payment of the November and December mortgage installments from the amount of child support he was obligated to pay. Additionally, he indicated that Shelly failed to make the December car payment. Finally, Bradley explained that Shelly failed to share with him a portion of the proceeds of a government stimulus check.

In response, Shelly conceded that she had been late to make the December mortgage payment. She explained that Bradley then made further monthly mortgage payments without contacting her and that she never agreed to allow him to deduct the amount of the mortgage payment from his monthly child support obligation. Shelly also admitted that she missed the December 2020 Honda Odyssey payment. She explained that she had retained Bradley's portion of the disputed stimulus check to pay marital debts -- but only by agreement.

In her verified counter-motion for contempt, filed March 5, 2021, Shelly stated that Bradley owed $7,610.00 in child support arrearage. She also explained that he failed: to pay toward the parties' marital debt per the terms of the property settlement agreement; to pay one-half of the children's tuition costs and medical expenses; and to pay maintenance fees on the Florida timeshare

resulting in an arrearage of $6,800.00. To her affidavit, Shelly attached a hand-written child support payment history reflecting an arrearage of $7,610.00; a note and accounting from Owensboro Catholic Schools calculating payment of the children's tuition and school fees; and receipts reflecting Shelly's payment of the children's medical expenses.

The parties agreed and advised the court that they would need no more than one hour to present their evidence. The hearing was conducted on March 12, 2021.

On March 31, 2021, Bradley filed an extensive affidavit addressing again the issues raised during the March 12 hearing. In this affidavit, Bradley calculated his payments toward the child support obligation; his payments toward the parties' outstanding marital debt; his payments toward the children's tuition and school fees; and his payments toward the children's medical expenses. Among other things, he acknowledged an outstanding debt of $2,840.00 associated with the Florida timeshare for which he remained responsible.

The court's order was entered on April 1, 2021. From the parties' evidence, the court found that Bradley was in arrears in the amount of $1,737.00 for child support unpaid through January 31, 2021. It reached this figure by crediting Bradley with payment of four monthly mortgage payments and two monthly car payments against the amount claimed by Shelly and sought by the

County Attorney's Office. The court found further that Bradley owed Shelly $355.94 for his portion of the children's school fees and medical expenses and $1,712.00 toward the repayment of marital debts. These sums totaled $3,804.94. Bradley was credited an additional $2,000.00 for his part of the federal stimulus checks retained by Shelly. Bradley was found to be in contempt and was ordered to pay to Shelly $1,804.94.

On April 12, 2021, Bradley filed a motion to alter, amend, or vacate. He contended, in part, that the court "incorrectly recites the amount of [his] arrearage of child support; refuses to give [him] due credit for the payments of marital debts . . . and fails to give [him] credit for payment of educational expenses." The motion was scheduled to be heard on May 14, 2021. On April 29, 2021, Shelly filed her response to the motion to alter, amend, or vacate.

On the morning of the hearing, Bradley refiled his affidavit originally filed with the court on March 31, 2021. Next in the record appears approximately 80 pages of assorted bank statements; cell phone screen images; and credit card statements. Shelly objected to the court's consideration of these documents, arguing that none of them constituted newly discovered evidence. She argued that the entirety of the relevant evidence should have been presented by the parties at the hearing conducted on March 12, 2021. When asked by the court why he had

not introduced this material during the court's March 12 hearing, Bradley's counsel explained as follows:

> Well, he [Bradley] didn't have them all together.
>
> . . . .
>
> We had to scramble around. We had about four days to get ready for it [the hearing] and then we only had an hour hearing. Things got rather confused.
>
> . . . .
>
> Mrs. Jenkins simply didn't report accurately what the child support payments she had received. It's not the court's fault. The court's only error was taking her word for it. And we have the proof that what she said was incorrect.

The court retorted as follows:

> If you all didn't give me the proof, I can't make it up. If you gave it to me and I misunderstood it or got it wrong, I'll correct it. I can only do an order on what's in front of me.
>
> Upon hearing Bradley's counsel reiterate that the court's "math

wasn't wrong -- you just -- you just believed Mrs. Jenkins's testimony which was wildly inaccurate on the child support," the court audibly chuckled. It reminded counsel: "that's kinda why they call me the finder-of-fact." Nevertheless, the court indicated that it would take a look at the submitted documents and make sure that Bradley received credit for the child support he had paid.

By order entered on November 2, 2021, the court denied Bradley's motion to alter, amend, or vacate. This appeal followed.

On appeal, Bradley argues that the family court erred by failing to make findings of fact in support of its conclusions that his child support arrearage totaled $7,611.00. He contends that the court was required to explain specifically why it accepted Shelly's testimony concerning the arrearage and rejected his. He indicates that the matter should be remanded so that the family court can explain exactly why it rejected his proof and testimony.

Our rule of civil procedure (CR[1]) 52.01 provides, in relevant part, that in all actions tried upon the facts without a jury, "the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]" Interpretation of this rule is a question of law. *Neighborhood Investments, LLC v. Kentucky Farm Bureau Mut. Ins. Co.*, 430 S.W.3d 248 (Ky. App. 2014). We review questions of law *de novo*. *Id.*

In *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011), the Supreme Court of Kentucky interpreted the provisions of CR 52.01 as requiring trial courts to include factual findings in written orders. In *Anderson*, the trial court conducted an extensive hearing on a motion to modify a timesharing schedule to allow a parent to move with the child to Paducah, Kentucky. *Id.* at 454. The trial court

---

[1] Kentucky Rules of Civil Procedure.

denied the motion, finding only that "it is not in the best interest of [the child] to relocate to Paducah, Kentucky." *Id.* Upon review of the order, the Supreme Court of Kentucky explained the importance of explicit factual findings for appellate review. The court observed as follows:

> To review the judge's decision on appeal, it is important to know what facts the judge relied on in order to determine whether he has made a mistake of fact, or to even determine if he is right at law, but for the wrong facts. If a judge must choose between facts, it is clearly relevant which facts supported his opinion.

*Id.* at 455. The matter was remanded for additional and specific findings of fact.

In this case, the Daviess Circuit Court specifically accepted Shelly's testimony and the "obligor's payment history" prepared by the County Attorney's Child Support Division. This accounting evidence indicated that Bradley owed $18,200.00 in child support for the disputed period and that he had paid $10,589.00, leaving an arrearage of $7,611.00. Based upon the evidence, this finding by the court that Bradley's arrearage totaled $7,611.00 is clearly sufficient to meet the requirements of CR 52.01. This is not a complex matter where the trial court was required to consider multiple factors before it settled upon a factual finding. Instead, the finding of fact entailed a simple mathematical calculation. The family court's finding was clearly based upon the report of the County Attorney's Child Support Division and the credibility of Shelly's testimony. Nothing more is required; the finding is sufficient.

The remainder of Bradley's brief on appeal focuses on the court's denial of his motion to alter, amend, or vacate. He argues that the court erred by failing to rule on his request to introduce the 80 pages of documentation as an exhibit to the CR 59.05 motion hearing. Separately, he argues that while the family court indicated that it would take a look at the documents submitted and make sure that Bradley received credit for the child support he paid, it ultimately refused to do so.

The purpose of CR 59.05 is to permit parties to call attention to a trial court's errors of law and fact prior to appeal. *Ford v. Ford*, 578 S.W.3d 356 (Ky. App. 2019). "A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005). Bradley admitted that the evidence he wished the circuit court to consider was not newly discovered. The evidence was available and could have been presented to the court before it rendered its decision. Therefore, it was not properly included as part of the CR 59.05 motion. Consequently, we need not address the issues further.

We affirm the order of the Daviess Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Evan Taylor
Owensboro, Kentucky