RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1043-MR

KOURTNEY GALLOWAY                                     APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ERIC J. HANER, JUDGE
ACTION NO. 23-CI-000748

MARKEA BIVENS                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE: Kourtney Galloway appeals from a default judgment granted in favor of Markea Bivens and an order denying her motion to alter, amend, or vacate. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellee filed the underlying complaint against Appellant on February 4, 2023. Appellee, through counsel, filed an answer on June 2, 2023. On or about September 1, 2023, Appellee served discovery requests upon Appellant's

counsel. Appellant did not respond to the discovery requests. On October 16, 2023, Appellee filed a motion to compel seeking an order requiring Appellant to respond to the discovery. The court granted the motion on October 30, 2023, and gave Appellant ten days to respond to the discovery. Appellant did not respond to the discovery requests as ordered. On December 6, 2023, Appellee filed a motion for sanctions. Appellee requested that the request for admissions sent to Appellant be deemed admitted and for the court to grant default judgment in Appellee's favor.

A hearing on the sanctions motion was held on December 14, 2023, and Appellant and her counsel were present. The court was informed that the reason Appellant had not responded to the discovery was due to a lack of communication with her attorney. The court informed Appellant and her attorney that she had until January 16, 2024, to respond to the discovery. The court specifically stated that if there was no response, default judgment would be entered in favor of Appellee. The court also awarded Appellee attorney fees in connection with compelling discovery. The court also held that the request for admissions sent to Appellant were deemed admitted.

Appellant did not submit her responses to discovery; therefore, on January 22, 2024, Appellee filed a motion for default judgment. On February 28, 2024, the court granted the motion for default judgment. The court's order

reiterated what occurred at the December 14, 2023 hearing and that Appellant was warned default judgment would be entered if she did not respond to the discovery requests. A hearing was held on June 6, 2024, to determine the amount of damages Appellee was entitled to. Neither Appellant nor her attorney appeared for that hearing. On June 11, 2024, the court entered an order awarding Appellee $100,000 in compensatory damages and $800,000 in punitive damages.

On June 21, 2024, new counsel for Appellant appeared and filed a motion to alter, amend, or vacate the default judgment. The motion alleged that previous counsel for Appellant would not communicate with Appellant and that is why she could not answer the discovery requests. The motion also indicated her previous attorney did not inform her about any court activity in 2024 and she only became aware of the default judgment when she personally received the judgment regarding damages.

On July 18, 2024, a hearing was held on the motion. Appellant's new counsel submitted text messages to the court showing Appellant's multiple attempts to communicate with her attorney, but receiving no response.[1] On July 30, 2024, the trial court entered an order denying the motion. The court acknowledged that there were communication issues with her attorney, but found

---

[1] Appellee calls into question the veracity of these text messages; however, for our purposes, we will treat the text messages as true and accurate.

that her presence at the December 14, 2023, hearing put her on notice that she needed to take action by January 16, 2024. The court then found as relevant the fact that she took no action by the January 16, 2024 deadline, and continued ignoring the lawsuit until there was a judgment entered against her five months later. The court further held that there was no evidence that Appellant had a meritorious defense to the allegations in Appellee's complaint, most likely because she neglected to engage in discovery. Finally, the court held that Appellee would suffer prejudice if the default judgment was reversed because Appellee has done everything she could to push the case forward and further delay would be unfair. This appeal followed.

## ANALYSIS

Appellant's first argument is that the trial court did not make sufficient factual findings when entering the default judgment. Appellant requests that we reverse the default judgment and remand with instructions to make additional findings of fact. "[Kentucky Rules of Civil Procedure (CR)] 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a written order." *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011).

> The trial court's authority to impose sanctions for failure of a party to comply with discovery is found in CR 37.02. The rule provides alternative sanctions, the most severe found in CR 37.02(2)(c), the entry of a

> dismissal or a default judgment against the disobedient party. Because of the grave consequences, a default judgment or dismissal should be resorted to only in the most extreme cases.

*R.T. Vanderbilt Co., Inc. v. Franklin*, 290 S.W.3d 654, 661 (Ky. App. 2009) (citation omitted). When considering discovery sanctions, the court must consider the following factors: (1) whether the non-compliance was willful or in bad faith; (2) whether a party was prejudiced by the failure to comply with the discovery orders; (3) whether the party was warned that failure to cooperate could lead to dismissal; (4) whether less drastic sanctions were imposed or considered; and (5) whether the sanction imposed bears some reasonable relationship to the seriousness of the non-compliance. *Id.* at 662.

Here, we believe the trial court made adequate findings regarding why it was granting default judgment. The court referenced the December 14, 2023 hearing. The court's order stated that Appellant was given additional time to respond to the discovery requests and "was informed of the consequences for not doing so." The court stated that Appellant did not meet the discovery deadline and, as of the date of the default judgment order, still had not responded. We believe this meets the CR 52.01 "good faith effort" requirement of fact finding. If Appellant wanted the court to make additional findings, she should have moved for such pursuant to CR 52.02. She did not.

Appellant's other argument on appeal is that the trial court erred by not granting the motion to alter, amend, or vacate the default judgment.

> Our discovery rules are designed to promote efficiency, order, and expediency within the judicial system, and the sanction for their violation is within the discretion of the trial court subject to the restriction that CR 37.02 envisions willfulness or bad faith on behalf of the party to be sanctioned. The basis for the rule is that a party who intentionally seeks to delay or thwart the judicial process should not benefit from the defiant conduct.

*Franklin*, 290 S.W.3d at 661-62 (citations omitted).

> Although default judgments are not favored, a trial court is vested with broad discretion when considering motions to set them aside, and an appellate court will not overturn the trial court's decision absent a showing that the trial court abused its discretion. A party seeking to have a default judgment set aside must show good cause; *i.e.,* the moving party must show "(1) a valid excuse for the default; (2) a meritorious defense to the claim; and (3) absence of prejudice to the non-defaulting party."

*PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530-31 (Ky. App. 2003) (footnotes and citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Appellant argues that she has shown good cause to set aside the default judgment. She claims that her attorney failed to keep in contact with her; therefore, she was unaware of what needed to be done to answer the discovery.

She also claims that she requested to vacate the default judgment in a timely manner, *i.e.*, ten days after the damages award was entered. We disagree with her argument that she has shown good cause to vacate to default judgment.

Appellant cites to *HP Hotel Management, Inc. v. Layne*, 536 S.W.3d 208 (Ky. App. 2017), and *Cinque v. Lexington Village, LLC*, 609 S.W.3d 30 (Ky. App. 2020), for the proposition that when a party promptly moves to vacate a default judgment, it is an abuse of discretion not to do so. Appellant is correct that *HP* and *Cinque* hold that a defaulting party should be able to vacate the default judgment if they promptly motion the court, *see HP*, 536 S.W.3d at 217 and *Cinque*, 609 S.W.3d at 37; however, in those cases, the defaulting parties were not even aware of the underlying lawsuit. This case is distinguishable because Appellant was aware of the lawsuit. Furthermore, she was personally informed by the court that she must answer the discovery and was informed of the deadline. Finally, even though she failed to answer the discovery, she still did not act for another five months after the last discovery deadline.

As for the lack of contact from her previous attorney, we acknowledge that this was likely a major factor; however, "[c]arelessness by a party <u>or his attorney</u> is not reason enough to set an entry aside." *Perry v. Central Bank & Tr. Co.*, 812 S.W.2d 166, 170 (Ky. App. 1991) (internal quotation marks and citation omitted) (emphasis added). Appellant knew she was having trouble

communicating with her previous attorney and should have taken steps to hire different counsel and protect her interests. Even though she acted promptly and hired new counsel once she discovered the default judgment, her failure to act in the meantime was reckless. After the January 16, 2024 discovery deadline, Appellant continued to negligently ignore the case and cause further unnecessary delay. *See VerraLab Ja LLC v. Cemerlic*, 584 S.W.3d 284, 287 (Ky. 2019).

## CONCLUSION

Based on the foregoing, we affirm the entry of the default judgment and the denial of Appellant's motion to vacate. The trial court made sufficient findings and did not abuse its discretion in granting default judgment. Appellant was warned in person that a failure to answer the discovery would result in a default judgment. In addition, the trial court tried other methods to compel Appellant to answer the discovery before entering default judgment. The court imposed a monetary sanction and ordered the request for admissions be deemed admitted. Finally, while we acknowledge Appellant's previous counsel was seemingly uncooperative with her, Appellant failed to hire new counsel to protect her interests until five months after the discovery deadline had passed. It was Appellant's responsibility to keep abreast of the happenings in her case, but she did not.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Eric C. Eaton
Lexington, Kentucky

BRIEF FOR APPELLEE:

Michael M. Denbow
Jennifer Henry Jackson
Michael D. Risley
Louisville, Kentucky